

Vik Chaudhry, SBN 273952
VC Law Group, LLP
6540 Lusk Blvd., Ste. C219
San Diego, CA 92121
Telephone: (858) 519-7333
Facsimile: (858) 408-3910
e-mail: vik@thevclawgroup.com

Adversary Attorney for Defendant
JOHN MICHAEL SCHAEFER

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

In re:

JOHN MICHAEL SCHAEFER,

   Debtors.

_____

BELLFORT CHATEAU, LIMITED
PARTNERSHIP,

   Plaintiff,

      v.

JOHN MICHAEL SCHAEFER,

   Defendant.

Case No.: 23-00208-CL13

Adversary Case No.: 23-90070-CL

**DEFENDANT JOHN MICHAEL
SCHAEFER'S ANSWER AND
AFFIRMATIVE DEFENSES TO
ADVERSARY COMPLAINT**

**JURY DEMANDED**

COMES NOW, Defendant JOHN MICHAEL SCHAEFER ("Schaefer" or the "Defendant") answering the complaint on file herein, admits, denies and alleges as follows to the Adversary Complaint filed on October 17, 2023 (the "Complaint") by Plaintiff BELLFORT CHATEAU, LIMITED PARTNERSHIP ("Bellfort" or the "Plaintiff") in the above-captioned adversary action:

## <u>ANSWER</u>

## <u>JURISDICTION</u>

1.      In response to the allegations of Paragraph 1, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.  To extent an answer

1

is required, the allegations are denied.

2.      In response to the allegations of Paragraph 2, Defendant admits that he and Plaintiff have stipulated to this Court adjudicating the claims asserting and holding jurisdiction. As to the remaining allegations of Paragraph 2, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.  To the extent an answer is required, the allegations are denied.

## VENUE

3.      In response to the allegations of Paragraph 3, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.  To the extent an answer is required, the allegations are denied.

## PARTIES

4.      In response to the allegations of Paragraph 4, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.  To the extent an answer is required, the allegations are denied.

5.      In response to the allegations of Paragraph 5, Defendant admits the allegations contained therein.

## GENERAL ALLEGATIONS

6.      In response to the allegations of Paragraph 6, Defendant admits that a sale occurred but denies that he was a seller in his individual capacity.  As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.  To the extent an answer is required, the allegations are denied.

7.      In response to the allegations of Paragraph 7, Defendant only admits that that he merely considered agreeing to a subordination, but as to the specific allegations, Defendant denies.

8.      In response to the allegations of Paragraph 8, Defendant admits Plaintiff obtained new financing but specifically denies that Plaintiff performed all conditions precedent to obtain a subordination from Defendant.  As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.  To the extent an answer

2

is required, the allegations are denied.

9.      In response to the allegations of Paragraph 9, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.  To the extent an answer is required, the allegations are denied.

10.      In response to the allegations of Paragraph 10, Defendant denies the allegations therein.

11.      In response to the allegations of Paragraph 11, Defendant admits the allegations therein.

12.      In response to the allegations of Paragraph 12, Defendant denies the allegation that he failed to perform on his promise.  Defendant additionally admits that on February 26, 1999, the trial judge issued findings of facts and conclusions of law.  As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.  To the extent an answer is required, the allegations are denied.

13.      In response to the allegations of Paragraph 13, Defendant admits that transactions occurred and that a lawsuit was filed.  As to any remaining allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.  To the extent an answer is required, the allegations are denied.

14.      In response to the allegations of Paragraph 14, Defendant admits that a sale occurred.  As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.  To the extent an answer is required, the allegations are denied.

15.      In response to the allegations of Paragraph 15, Defendant admits that he had knowledge of the pending lawsuit but denies the remainder of the allegations.

16.      In response to the allegations of Paragraph 16, Defendant denies the allegations therein.

17.      In response to the allegations of Paragraph 17, Defendant admits that the Court entered a Judgment and Turnover Order as well as a judgment of $125,000.00.  As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief

3

about the truth of the allegations.  To the extent an answer is required, the allegations are denied.

18.    In response to the allegations of Paragraph 18, Defendant admits that the Court awarded an additional $25,000.00 in case of an unsuccessful appeal, as well as that Defendant lost the appear.  As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.  To the extent an answer is required, the allegations are denied.

## FIRST CLAIM FOR RELIEF

### Intentional Misrepresentation – 523(a)(2)(A)

19.    In response to the allegations of Paragraph 19, Defendant incorporates by reference paragraphs 1-18, above.

20.    In response to the allegations of Paragraph 20, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.  To the extent an answer is required, the allegations are denied.

21.    In response to the allegations of Paragraph 21, Defendant denies the allegations therein.

22.    In response to the allegations of Paragraph 22, Defendant denies the allegations therein.

## SECOND CLAIM FOR RELIEF

### Fraudulent Conveyance Scheme – 523(a)(2)

23.    In response to the allegations of Paragraph 23, Defendant incorporates by reference paragraphs 1-22, above.

24.    In response to the allegations of Paragraph 24, Defendant denies the allegations therein.

25.    In response to the allegations of Paragraph 25, Defendant denies the allegations therein.

26.    In response to the allegations of Paragraph 26, Defendant denies the allegations therein.

27.    In response to the allegations of Paragraph 27, Defendant denies the allegations

4

therein.

28.    In response to the allegations of Paragraph 28, Defendant denies the allegations therein.

29.    In response to the allegations of Paragraph 29, Defendant denies the allegations therein.

### <u>THIRD CLAIM FOR RELIEF</u>

### <u>Willful, Malicious Conduct – 523(a)(6)</u>

30.    In response to the allegations of Paragraph 30, Defendant incorporates by reference paragraphs 1-29, above.

31.    In response to the allegations of Paragraph 31, Defendant denies the allegations therein.

32.    In response to the allegations of Paragraph 32, Defendant denies the allegations therein.

33.    In response to the allegations of Paragraph 33, Defendant denies the allegations therein.

34.    In response to the allegations of Paragraph 34, Defendant denies the allegations therein.

### <u>AFFIRMATIVE DEFENSES</u>

#### <u>First Affirmative Defense</u>

Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.

#### <u>Second Affirmative Defense</u>

Although Defendant expressly denies any liability with respect to Plaintiff's claims and allegations, Defendant asserts that it has not willfully violated any provisions of the Bankruptcy Code.

#### <u>Third Affirmative Defense</u>

To the extent Plaintiff suffered damages, such damages were not caused by Defendant but rather by other persons, entities or firms whom Defendant does not control or for which

5

Defendant is not responsible.

### Fourth Affirmative Defense

Any damages sustained by Plaintiff must be reduced or offset in proportion to the wrongful or negligent acts or conduct of persons other than Defendant, under principles of equitable allocation, recoupment, offset, proportional responsible, and/or comparative fault.

### Fifth Affirmative Defense

Plaintiff's claims are barred by the doctrines of unclean hands, waiver, and estoppel.

### Sixth Affirmative Defense

Defendant alleges that Plaintiff is estopped by the Plaintiff's own negligence and breach of duty of care and other acts or misconduct from asserting any claim or obtaining any recovery or judgment, declaratory or otherwise, against the Defendant or any property he received.

### Seventh Affirmative Defense

Defendant alleges that any damages sustained by the Plaintiff were actually and proximately caused by the actions or inactions of persons, firms, corporations or other entities other than the Defendant, which such actions or inactions bar Plaintiff, in whole or in part, from asserting any claim or obtaining any recovery or judgment, declaratory or otherwise, against Defendant or any property he received.

### Eighth Affirmative Defense

Defendant alleges that the Plaintiff's Complaint is barred by the doctrine of unclean hands, due to the unclean hands of Plaintiff.

### Ninth Affirmative Defense

Defendant states that all claims in the Complaint, if true, were consented to, accepted, ratified and confirmed by Plaintiff, thus preventing Plaintiff's recovery against Defendant.

### Tenth Affirmative Defense

Defendant states that Plaintiff voluntarily assumed the risk of the conduct, events and matters alleged in the Complaint, and the damages, if any, allegedly incurred by the Plaintiff were the proximate result of risks so assumed.

### Eleventh Affirmative Defense

6

Defendant alleges that, at all times pertinent hereto, there was no intention of his part to defraud anyone, including the creditors of the Debtors and Plaintiff.

Twelfth Affirmative Defense

Defendant alleges that, to the extent, if any, he owed duties to the Plaintiff, the Defendant discharged any such duties reasonably, in good faith, and with due diligence that he did not directly or indirectly induce the act or acts alleged to have constituted the violations alleged in the Complaint.

Thirteenth Affirmative Defense

Defendant alleges that Plaintiff's claims herein are barred by the equitable doctrine of laches.

Fourteenth Affirmative Defense

Defendant asserts that Plaintiff's claims are barred by the statute of limitations.

Fifteenth Affirmative Defense

Defendant asserts that Plaintiff has been made whole via payment and satisfaction of its claims and as a result, is not owed any form of relief.

Sixteenth Affirmative Defense

Any damages sustained by Plaintiff must be reduced or offset in proportion to the amount owed by Plaintiff to Defendant as a result of overpayments and attorney's fees.

Seventeenth Affirmative Defense

Defendant alleges he presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant reserves the right to assert additional defenses in the event discovery indicates they would be appropriate.

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury on all issues so triable.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by way of her Complaint in this action;

2. That judgment in this action be entered in favor of Defendant and against Plaintiff;

DEFENDANT JOHN MICHAEL SCHAEFER'S ANSWER AND
AFFIRMATIVE DEFENSES TO ADVERSARY COMPLAINT

3. That Defendant be awarded costs of suit incurred herein;

4. That Defendant be awarded reasonable attorney fees incurred herein, pursuant to applicable law and contract; and

5. For such other relief as this Court may deem just and proper.

Respectfully submitted,

Dated: November 16, 2023

_/s/ Vik Chaudhry_____

Vik Chaudhry
Attorney for the Defendant
JOHN MICHAEL SCHAEFER

8

DEFENDANT JOHN MICHAEL SCHAEFER'S ANSWER AND
AFFIRMATIVE DEFENSES TO ADVERSARY COMPLAINT

CSD 3010 [07/01/18]
Name, Address, Telephone No. & I.D. No.

Vik Chaudhry, SBN 273952
VC Law Group, LLP
2292 Faraday Ave., Suite 14
Carlsbad, CA 92008
Telephone: (858) 519-7333
Fax: (858) 408-3910
Email: vik@thevclawgroup.com

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

| | |
|---|---|
| In Re John Michael Schaefer<br><br>Debtor. | BANKRUPTCY NO. 23-00208-CL13 |
| Bellfort Chateau, Limited Partnership<br><br>Plaintiff(s) | ADVERSARY NO. 23-90070-CL |
| v.<br>John Michael Schaefer<br><br>Defendant(s) | |

# PROOF OF SERVICE

I,   Vik Chaudhry   am a resident of the State of California, over the age of 18 years, and not a party to this action.

On   11/16/2023   , I served the following documents:
DEFENDANT JOHN MICHAEL SCHAEFER'S ANSWER AND AFFIRMATIVE DEFENSES TO ADVERSARY COMPLAINT

1.    **To Be Served by the Court via Notice of Electronic Filing ("NEF")**:

Under controlling Local Bankruptcy Rules(s) ("LBR"), the document(s) listed above will be served by the court via NEF and hyperlink to the document. On   11/16/2023   , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address(es) indicated and/or as checked below:

• 	 Thomas B. Gorrill    tom@gorillalaw.com, LawOfficeofThomasGorrill@jubileebk.net

☐    Chapter 7 Trustee:

☐    For Chpt. 7, 11, & 12 cases:      ☐  For ODD numbered Chapter 13 cases:      ☐  For EVEN numbered Chapter 13 cases:

UNITED STATES TRUSTEE          THOMAS H. BILLINGSLEA, JR., TRUSTEE          DAVID L. SKELTON, TRUSTEE
ustp.region15@usdoj.gov          Billingslea@thb.coxatwork.com          admin@ch13.sdcoxmail.com
                                                                    dskelton13@ecf.epiqsystems.com

CSD 3010

CSD 3010 [07/01/18] (Page 2)

2.      **Served by United States Mail**:

On  11/16/2023  , I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing accurate copies in a sealed envelope in the United States Mail via 1) first class, postage prepaid or 2) certified mail with receipt number, addressed as follows:

Thomas B. Gorrill
9984 Scripps Ranch Blvd, #335
San Diego, CA 92131

3.      **Served by Personal Delivery, Facsimile Transmission, Overnight Delivery, or Electronic Mail**:

Under Fed.R.Civ.P.5 and controlling LBR, on  _____ , I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission, by overnight delivery and/or electronic mail as follows:

I declare under penalty of perjury under the laws of the United States of America that the statements made in this proof of service are true and correct.

Executed on  11/16/2023 
              (Date)

Vik Chaudhry        /s/ Vik Chaudhry
(Typed Name and Signature)

2292 Faraday Ave., Ste. #14
(Address)

Carlsbad, CA 92008
(City, State, ZIP Code)

CSD 3010