1  THOMAS B. GORRILL, ESQ. [SBN 102979]
   Law Office of Thomas B. Gorrill
2  9984 Scripps Ranch Blvd, #335
   San Diego, CA 92131
3  Phone:  (619) 237-8889
   eFax:    (619) 330-2125
4  E-mail: tom@gorrillaw.com

5  Attorney for Bellfort Chateau, LP

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| In re: | BK CASE NO. 23-00208-CL13 |
|---|---|
| JOHN MICHAEL SCHAEFER, | Chapter 7 |
| Debtor(s) | ADV PRO NO. 23-90070-CL |
| BELLFORT CHATEAU, LP, | MOTION FOR SUMMARY JUDGMENT COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT |
| Plaintiff | |
| v. | DATE:   June 5, 2024
TIME:   2:00 p.m. |
| JOHN MICHAEL SCHAEFER, | DEPT:   5
JUDGE:  Hon. Christopher B. Latham |
| Defendant. | |

　　　Plaintiff, Bellfort Chateau, LP, ("Bellfort") hereby moves for summary judgment against the Debtor-Defendant, John Michael Schaefer ("Schaefer") with respect to the Second Claim for Relief alleged in the Plaintiff's complaint filed in this case.

　　　The Motion is brought pursuant to Rule 56 of the Federal Rules of Civil Procedure, made applicable herein pursuant to Federal Rules of Bankruptcy Procedure, Rule 7056. The Motion is based on this Notice of Hearing and Motion, and the Memorandum of Points and Authorities in this pleading, the Declaration of Michael Cummins filed in support of the Motion, the arguments of counsel at the hearing on the Motion, and any other matters properly brought before the Court.

[MSJ - Motion and Ps&As.wpd]　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Page 1**

## INTRODUCTION

The relief sought in this Motion arises from a final judgment entered in an underlying action filed in the District Court of Texas for Harrris County, entitled BELLFORT CHATEAU LIMITED PARTNERSHIP v. MICHAEL SCHAEFER, Trustee, et al., case number 2000-05873. In that action the Texas District Court made an express finding Defendant, Michael Schaefer, engaged in a knowing, intentional fraud against the Plaintiff.

The judgment against the Defendant was final, on the merits after Defendant was afforded a full and fair opportunity to defend himself through a jury trial. The fraud determination is entitled to preclusive effect under the doctrine of collateral estoppel. The Texas District Court's judgment should be given full faith and credit and this Court should grant this Partial Summary Judgment against the Defendant.

## FACTUAL SUMMARY

In January of 1990, Bellfort and Schaefer entered into a contract for the sale of real property located in Harris County Texas ("the subject property"). Bellfort was the buyer and Schaefer was the seller. Bellfort granted Schaefer a second priority deed of trust to secure payment of a promissory note issued in connection with the purchase.

As part of the terms of the contract and other relevant documents, Schaefer expressly promised to subordinate his lien to a new loan in the event Bellfort obtained new financing on the subject property. The funds derived from such new financing were used or prepared to be used in a specific manner (which included the acquisition of the existing first lien note), Schaefer had promised to subordinate his lien to the amount of the new financing up to an amount not to exceed $315,000. As it subsequently came to light, Schaefer did not intend to abide by the terms of the parties' agreement to subordinate his lien and failed to sign a subordination agreement when requested on multiple occasions.

As part of this agreement with Schaefer, Bellfort obtained new financing in the amount of $300,000 and thereafter performed all conditions precedent to Schaefer's promise to subordinate his lien. Bellfort timely requested Schaefer execute a subordination of his lien multiple times. Schaefer, without just cause or excuse, refused to subordinate his lien.

1  As part of Bellfort's agreement with its lender for the new financing, and in reasonable reliance upon Schaefer's promise to subordinate his lien, Bellfort promised the new lender they would receive a first priority lien upon the subject property and that no other liens would have priority to the new lender's lien.

As a result of Shaefer's refusal to honor his contractual promise to subordinate his lien, Bellfort suffered damages through its inability to perform its contractual agreements with its new lender in an amount of not less than $300,000.

### Bellfort's first lawsuit against Schaefer

On or about September 22, 1994, Belfort filed a civil lawsuit in the District Court of Texas for Harris County, Case No. 94-047202. The lawsuit sought damages as a result of Mr. Schaefer's misrepresentations and refusal to subordinate his lien. On January 11, 1999, the matter came on for trial in the District Court of Texas. On January 14, 1999, the District Court entered a final judgment in favor of Bellfort and awarded damages in the sum of $818,842.00 (the "Texas Final Judgment"). A true copy of the Texas Final Judgment is attached as **Exhibit A** to the accompanying Declaration of Michael Cummins.

### Bellfort second lawsuit for Schaefer's fraudulent transfers

As collection efforts began on the Texas Final Judgment, Bellfort discovered Schaefer had sold or transferred several large assets, including transfers to his sons, Michael R. Schaefer and Derek Schaefer. Consequently, in 2000 Bellfort filed a fraudulent conveyance lawsuit in the Texas District Court for Harris County, Case No. 2000-05873. The lawsuit named Schaefer and both his sons as defendants. A copy of the complaint is attached as **Exhibit B** to the Cummins Declaration.

Bellfort alleged that Schaefer had sold a parcel of property in Houston, Texas, on the date of the trial in the prior 1994 lawsuit. Schaefer made the transfer with knowledge the liabilities to Bellfort and nonetheless carried back a promissory note that he subsequently transferred by assignment to his sons, Derek and Michael. [Para. 3 of **Exhibit B**].

Schaefer's transfer was done with knowledge of the pending lawsuit and in direct contravention of Texas Business and Commerce Code §§ 24.01 *et seq*., also known as the Uniform Fraudulent Transfers Act. [Para. 5 and 7 of **Exhibit B**].

1  Schaefer's transfer of the note and lien constituted a transfer of all or a majority of the assets held by Schaefer and was done with actual intent to hinder delay or defraud creditors of the debtor/defendant, including Bellfort. [Para. 6 of **Exhibit B**].

After a jury trial on the merits, the jury found in favor of Bellort. In response to Question No. 2 to the jury, they found that he had acted with actual intent to hinder, delay, or defraud Bellfort. A copy of the jury's verdict is attached as **Exhibit C** to the Cummins Declaration.

Based upon the jury's verdict, judgment was entered by the court on February 25, 2004. A copy of the judgment is attached as **Exhibit D** to the Cummins Declaration. The court ruled that Bellfort had satisfied all of the elements for relief under the Uniform Fraudulent Transfer Act and ordered the turnover of certain assets set forth in the order. The court also awarded the sum of $125,000 to Bellfort as additional damages.

The Texas court also awarded an additional $25,000 if the Schaefer defendants appealed the court's decision and their appeal was unsuccessful. Schaefer filed an appeal and lost, so the total ultimately awarded to Bellfort in the case was $150,000. The court's ruling was based upon Schaefer's fraudulent conduct and nullified his fraudulent transfers of assets to his sons. As a result of the complicity of the sons in this fraudulent conduct, his sons also became judgment debtors of Bellfort.

## LEGAL ANALYSIS

**A.  Legal standard.**

Summary judgment is governed by Federal Rule of Civil Procedure 56, applicable to bankruptcy adversary proceedings under Federal Rule of Bankruptcy Procedure 7056. The court is mandated to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Each moving party bears the initial burden of "identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). To defend the motion, the non-moving party must

1  establish the existence of facts, beyond mere allegations or denials in the pleadings that demonstrate
2  a genuine issue for trial. Id. at 324; *Anderson*, 477 U.S. at 248.

3  **B. Claim for relief under 523(a)(2) based upon fraudulent conveyance scheme**

4  Bellfort's Second Claim for Relief is brought under Section 532(a)(2). Pursuant to Section
5  523(a)(2)(A), a debt for money obtained by "false pretenses, a false representation, or actual fraud"
6  is exempt from discharge. "The term 'actual fraud' in § 523(a)(2)(A) encompasses forms of fraud,
7  like fraudulent conveyance schemes, that can be effected without a false representation." *Husky*
8  *Intern. Electronics, Inc. v. Ritz,* 578 U.S. 356, 359 (2016). No false representation is required: "we
9  interpret 'actual fraud' to encompass fraudulent conveyance schemes, even when those schemes do
10 not involve a false representation." *Husky*, 578 U.S. at 366.

11 Bellfort's Amended Complaint alleges that Defendant participated in such a fraudulent
12 conveyance scheme. The Second Claim for Relief sets forth the Defendant's fraudulent conveyances.
13 It further alleges Schaefer transferred assets at the time when Bellfort had a right to payment, and
14 that he made the transfers with the intent to hinder, delay or defraud Bellfort.

15 **C. Collateral Estoppel**

16 Collateral estoppel applies in nondischargeability proceedings brought under § 523(a).
17 *Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991). A bankruptcy court may apply the doctrine to an
18 existing state court judgment as the basis for granting summary judgment. *In re Khaligh*, 338 B.R.
19 817, 831-32 (B.A.P. 9th Cir. 2006). Indeed, "28 U.S.C. § 1738 requires [the court], as a matter of
20 full faith and credit, to apply the pertinent state's collateral estoppel principles." *CalMicro, Inc. v.*
21 *Cantrell (In re Cantrell)*, 329 F.3d 1119, 1123 (9th Cir. 2003); see also *In re Bugna*, 33 F.3d 1054,
22 1057 (9th Cir. 1994) ("In determining the collateral estoppel effect of a state court judgment, federal
23 courts must, as a matter of full faith and credit, apply that state's law of collateral estoppel."

24 Here we are dealing with a judgment from a Texas state court. When giving preclusive effect
25 to a state court judgment the court applies the issue preclusion rules of that state. *Marrese v.*
26 *American Academy of Orthop a edic Surgeons*, 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274
27 (1985); *Miller v. J.D. Abrams, Inc. (In re Miller)*, 156 F.3d 598, 601 (5th Cir.1998). Collateral
28 estoppel under Texas law prevents the relitigation of identical issues of law or fact that were actually

litigated and were essential to the final judgment in a prior suit. *Gober v. Terra + Corp. (In re Gober)*, 100 F.3d 1195, 1201 (5th Cir.1996) (citing *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex.1984) ); *Texas Dept. of Public Safety v. Petta*, 44 S.W.3d 575, 579 (Tex.2001).

Specifically, a party is collaterally estopped from raising an issue under Texas law when:

(1) the facts sought to be litigated in the second case were fully and fairly litigated in the first;

(2) those facts were essential to the prior judgment; and

(3) the parties were cast as adversaries in the first case.

*Bonniwell*, 663 S.W.2d at 818. "Once an actually litigated and essential issue is determined, that issue is conclusive in a subsequent action between the same parties." *Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 384 (Tex.1985) ; see also, *In re Pancake*, 106 F.3d at 1244. *Helvetia Asset Recovery, Inc. v. Kahn (In re Kahn)*, 533 B.R. 576 (Bankr. W.D. Tex. 2015).

**1. The Plaintiff's Texas lawsuit was fully litigated.**

The state court judgment [**Exhibit D** to the Cummins Declaration] expressly states in the opening paragraph that the Plaintiff and Defendant reported for trial, a jury was empaneled, and the evidence was presented. The jury returned a verdict and found that Schaefer had engaged in fraudulent conduct by conveying assets to his sons under Texas's Uniform Fraudulent Transfer Act. The judgment lists the various assets Schaefer transferred to hinder, delay or defraud Bellfort, including three promisory notes, a vendor's lien, a lien securing two promissory notes, and a real estate mortgage. See, Paragraphs 1-6 at pp 2-3 of **Exhibit D**. These issues of fraudulent conduct by Schaefer was fully litigated at trial before a jury.

**2. The facts litigated in the Texas court were litigated as to fraudulent conduct**.

The following issues were alleged in the complaint [**Exhibit B**] and litigated at trial:

a. Schaefer made his fraudulent transfers during the time of the trial in the Bellfort's first lawsuit [Para. 3 of Exhibit B].

b. Schaefer's transfers were made in violation of the Texas Uniform Fraudulent Transfer Act [Paras. 5 and 7 of Exhibit B].

c. Schaefer's transfers were done with the actual intent to hinder, delay or defraud Bellfort [Para. 6 of Exhibit B].

////

The jury specifically found him liable for making the transfers with the actual intent to hinder, delay, or defraud Bellfort [Question 2 of **Exhibit C**].

As detailed in the Texas judgment, Bellfort placed into issue questions of fact about Schaefer's fraudulent transfer scheme, that he engaged in during a time when he knew Bellfort had claims against him pending in other Texas state court litigation. He was found guilty of fraudulent conduct of the type alleged in the adversary complaint filed in this case. The facts alleged in this case were essential to the Texas fraudulent conveyance action that was tried before a jury, and the jury found Schaefer liable for of his fraudulent scheme and conduct.

**3. The fraudulent conveyance judgment is nondischargeable.**

Schaefer was found to have violated the Texas Fraudulent Transfer Act "in violation of the rights of Bellfort Chateau." For purposes of nondischargeability claims, "The term 'actual fraud' in § 523(a)(2)(A) encompasses forms of fraud, like fraudulent conveyance schemes, that can be effected without a false representation." *Husky Intern. Electronics, Inc. v. Ritz,* 578 U.S. 356, 359 (2016). No false representation is required: "we interpret 'actual fraud' to encompass fraudulent conveyance schemes, even when those schemes do not involve a false representation." *Husky*, 578 U.S. at 366

Bellfort submits that their Texas judgment against Schaefer is nondischargeable under 523(a)(2)(A) based upon his fraudulent scheme to convey assets in an effort to hinder, delay or defraud Bellfort. The motion for summary judgment should be granted.

WHEREFORE, the Plaintiff prays for an order as follows:

1. That the Court grant summary judgment on the Plaintiff's Second Claim for Relief; and

2. That the Court grant such other and further relief as may be just and proper.

Dated: March 19, 2024

_____
THOMAS B. GORRILL, ESQ.
Counsel for the Plaintiff
Bellfort Chateau, L.P.